OPINION
{¶ 1} Regina Crenshaw appeals from the decision of the Franklin County Court of Common Pleas which affirmed the decision of the Columbus City School District Board of Education terminating her employment with the district. For the reasons set forth below, we affirm.
 {¶ 2} Counsel for Ms. Crenshaw has assigned two errors for our consideration: *Page 2 
 [I.] The judgment rendered by the trial court is against the manifest weight of the evidence.
 [II.] The trial court abused its discretion when it determined that there was no Loudermill violation.
 {¶ 3} Addressing the first assignment of error, Ms. Crenshaw was serving as principal at Mifflin High School during the week when the Ohio Educational Tests were being administered. She was in a meeting with senior staff on the subject of testing when she was informed that a female student at the high school had been assaulted and forced to perform sex acts on some male students. Another male student had videotaped part of the sexual assault.
 {¶ 4} Ms. Crenshaw did not call the police. She did not call Franklin County Children Services. She set a meeting on the subject of the sexual assault for the following morning. She returned to her meeting on educational testing and then left the building at 4 p.m. to attend to personal business. She left no one else in charge of handling the situation or even meeting with police officers, who were summoned by the father of the female student who was assaulted. She did not return to the school building after she completed her personal business.
 {¶ 5} We cannot say the Board of Education for the Columbus City School District was wrong to fire Ms. Crenshaw under the circumstances. She violated R.C. 2151.421 in failing to report the sexual assault. The evidence fully supported its action. She violated a direct order from a supervisor who told her that evening to report the sexual assault. The fact she had been told that the police had been called did not relieve her of the responsibility to call the appropriate authorities to report the assault. The calls to the police by the child's father did not somehow relieve Ms. Crenshaw of the duty to *Page 3 
comply with her supervisor's order to call. Her failure to act and failure to immediately address the crisis was good and just cause for termination for purposes of R.C. 3319.16.
 {¶ 6} The first assignment of error is overruled.
 {¶ 7} Turning to the second assignment of error, case law requires a hearing before a teacher or administrator can have their employment terminated. See Cleveland Bd. of Edn. v. Loudermill (1985),470 U.S. 532, 105 S.Ct. 1487. The judge of the Franklin County Court of Common Pleas who reviewed this case initially found that such a hearing occurred. That finding is fully supported by the record before us. An extended hearing was held before a referee designated by the Board of Education for the Columbus School District before the final decision was made to terminate Ms. Crenshaw's employment. The referee heard several witnesses and issued a detailed report which recommended termination of Ms. Crenshaw's employment because Ms. Crenshaw's failure to investigate the sexual assault and properly respond to the situation was sufficient reason to end her employment. Her handling of the situation was found to constitute good and just cause to end her employment for purposes of R.C. 3319.16 after an extended adversarial hearing at which evidence was presented on her behalf.
 {¶ 8} The school board adopted the referee's findings with respect to the handling of the situation and added the admitted fact that Ms. Crenshaw never contacted the police and/or Franklin County Children Services as a second independent reason to terminate her employment.
 {¶ 9} The due process of law concerns set forth inLoudermill, idem., were more than adequately addressed.
 {¶ 10} The second assignment of error is overruled. *Page 4 
 {¶ 11} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 McGRATH, P.J., and BRYANT, J., concur. *Page 1